ANGELA N. GILL SBN# 260928
KATHY A. DOCKERY
CHAPTER 13 TRUSTEE
700 S. FLOWER ST., STE. 1950
LOS ANGELES, CA 90017
PHONE: (213) 996-4400
FAX: (213) 996-4426

**FILED & ENTERED**

**JUL 08 2016**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY ghaltchi    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

**CHANGES MADE BY COURT**

IN RE:

PAULA KELLER,

DEBTOR.

CASE NO: 2:15-bk-24196-NB

CHAPTER 13

**ORDER *(1)* DENYING MOTION FOR RECONSIDERATION WITHOUT LEAVE TO AMEND AND *(2)* MODIFYING THE COURT'S JUNE 3, 2016 ORDER (DKT. 44) DIRECTING PATRICIA RODRIGUEZ OF THE RODRIGUEZ LAW GROUP TO DISGORGE $6,000, BY TURNING OVER FUNDS TO THE CLERK OF THE BANKRUPTCY COURT**

DATE:    July 5, 2016
TIME:    2:00 pm
PLACE:   ROYBAL BUILDING
         255 E. Temple Street
         Courtroom 1545 – 15th Floor
         Los Angeles, CA 90012

TO: JASON KELLER; PAULA KELLER; PATRICIA RODRIGUEZ AND ALL OTHER PARTIES IN INTEREST:

On June 3, 2016, this court entered its order (dkt. 44, the "Disgorgement Order") granting the chapter 13 trustee's motion (dkt. 40, the "Disgorgement Motion") for disgorgement of $6,000 in attorney's fees received by counsel Patricia Rodriguez of The Rodriguez Law Group, Inc. ("Ms. Rodriguez"). The Disgorgement Order directed Ms. Rodriguez to disgorge the $6,000 directly to the above-referenced debtor, Paula Keller. On June 24, 2016 ~~Respondent Patricia~~ *Ms.* Rodriguez filed a

1

Motion for Reconsideration for Relief from Judgment and/or Order Directing Patricia Rodriguez and the Rodriguez Law Group, Inc. to Disgorge Fees. (Dkt. #54, *the "Reconsideration Motion"*) and an Application for Order Setting Hearing on Shortened Notice (Dkt. 55, *the "Application"*). The Court *issued its order granting the Application (dkt. 57), and* set a hearing *on the Reconsideration Motion* for *the date, time and place set forth above* ~~July 5, 2016 at 2pm~~. *Appearances were as noted on the record.*

*Prior to the hearing on the Reconsideration Motion, this court issued a tentative ruling denying the Reconsideration Motion. At the hearing on the Reconsideration Motion, this court adopted its tentative ruling, a copy of which is attached hereto as Exhibit A and incorporated herein by this reference. For the reasons set forth in the adopted tentative ruling, it is hereby*

~~IT IS HEREBY~~ ORDERED~~:~~ *that the Reconsideration Motion is denied, and it is further* ~~the court issued a tentative ruling and adopts the tentative ruling as its final Order. A copy of the tentative ruling is attached hereto as Exhibit A.~~

ORDERED that JASON KELLER, the ex-spouse of debtor, PAULA KELLER, must file a declaration with the bankruptcy court within *24* ~~21~~ days of the entry of this Order if he asserts an entitlement to any portion of the $6,000 *in disgorged attorney's fees, and it is further*

*ORDERED that in accordance with the adopted tentative ruling, the Disgorgement Order is hereby revised to direct Ms. Rodriguez to disgorge $6,000 in attorney's fees to the Clerk of the Bankruptcy Court, not to Paula Keller, and it is further*

*ORDERED that the $6,000 check made out to the Clerk of the Bankruptcy Court* ~~The tentative ruling is modified as follows: Ms. Rodriguez must immediately tender a check or money order made payable to the "U.S. Bankruptcy Court" in the total amount of $6,000. The funds are~~ *is* to be deposited into an interest bearing account and the funds ~~are to~~ *will* remain on deposit until further order of the court.

//

2

Case 2:15-bk-24196-NB    Doc 64    Filed 07/08/16    Entered 07/08/16 11:16:05    Desc
Main Document    Page 3 of 17

IT IS FURTHER ORDERED that the Clerk is *requested and* directed to deduct from the income earned on the investment a fee, not exceeding that authorized by the Judicial Conference of the United States and set by the Director of the Administrative Office, whenever such income becomes available for deduction in the investment so held and without further order of the court*, and it is finally*

*ORDERED that,* **no later than July 11, 2016***, the chapter 13 trustee must serve a copy of this order on the debtor's former spouse, Jason Keller, via U.S. mail or, if service via U.S. mail is not possible, any other appropriate means, and must file proof of such service with the court no later than July 18, 2016.*

###

Date: July 8, 2016

Neil W. Bason
United States Bankruptcy Judge

3

# CERTIFICATE OF SERVICE

I, the below-named deputy clerk of the United States Bankruptcy Court, certify that I placed a true and correct copy of the attached document in a sealed envelope for collection and mailing, no later than the next business day that is not a court-observed holiday, in the United States mail, first class, postage prepaid, and addressed as follows:

Debtor
Paula Keller
920 West 29th Street
San Pedro, CA 90731

Chapter 13 Trustee's Counsel
Angela Gill
Offices of Chapter 13 Trustee Kathy Dockery
700 S. FLOWER ST., STE. 1950
LOS ANGELES, CA 90017

United States Trustee's Counsel
Melanie S. Green
Office of the United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, California 90017

Respondent
Patricia Rodriguez
Rodriguez Law Group, Inc.
1961 Huntington Dr., Ste. 201
Alhambra, CA 91801

Patricia Rodriguez
Rodriguez Law Group, Inc.
1492 West Colorado Blvd., Ste. 120
Pasadena, CA 91105


☐ Service information continued on attached page


Date:  7/8/2016        Signature:        /s/ Dina Johnson
                       Deputy Clerk [*printed name*]:    Dina Ghaltchi Johnson

# EXHIBIT A

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

Tuesday, July 05, 2016                                                                                  Hearing Room    1545

2:00 PM
**2:15-24196    Paula Keller**                                                                           **Chapter 13**

#9.00    Hrg re: Patricia Rodriguez's Motion for Reconsideration
for Relief from Judgment and / or Order Directing Patricia
Rodriguez and the Rodriguez Law Group, Inc. to Disgorge Fees

Docket    54

**Tentative Ruling:**

<u>Appearances required</u> **by the movant in person**, all other parties are encouraged to appear in person but may appear telephonically <u>if</u> advance arrangements are made (*see* www.cacb.uscourts.gov, "Judges," "Bason, N.", "Instructions/Procedures").

The tentative ruling is to deny the motion for reconsideration, without leave to amend, with one exception. Instead of immediately disgorging $6,000 to the debtor, the tentative ruling is that Ms. Rodriguez must immediately turn over the disgorged funds to the Clerk of this Bankruptcy Court until the debtor's former husband has an opportunity to assert whatever claim he may have that he advanced such funds and is entitled to have them returned to him.

*Proposed order:* The Chapter 13 Trustee is directed to serve and lodge a proposed order via LOU within 7 days after the hearing date, and attach a copy of this tentative ruling, thereby incorporating it as this court's final ruling.

*Key documents reviewed:* chapter 13 trustee's motion to disgorge attorney's fees (dkt. 40, the "Disgorgement Motion"); the movant's responsive and related papers (dkt. 42, 54, 60); the chapter 13 trustee's reply (dkt. 43, the "Reply"); the debtor's declarations (dkt. 49, 51); and transcripts of hearings held on 4/7/16 and 6/2/16 (dkt. 52 and 53, respectively).

*Reasons for denial:*
(1) <u>Legal standards for reconsideration</u>
         Ms. Rodriguez seeks reconsideration of the order that she disgorge $6,000 in fees (and possibly more, in later proceedings) under Rule 59, Fed. R. Civ. P. (incorporated by Rule 9023, Fed. R. Bankr. P.). A trial court may grant a new trial under that rule (or in this instance a new hearing) "for any

United States Bankruptcy Court
Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

Tuesday, July 05, 2016      Hearing Room    1545

2:00 PM
CONT...      Paula Keller                                                                 Chapter 13

reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Rule 59(a)(1)(B).

This has been interpreted to mean that there are "three grounds for granting new trials under Rule 59(a)(2): (1) manifest error of law; (2) manifest error of fact; and (3) newly discovered evidence" (and, in "highly unusual" circumstances, there may be other grounds). *In re Weisberg*, 193 B.R. 916, 928-29 (9th Cir. BAP 1996) (citations and internal quotation marks omitted), *aff'd in part, rev'd in part on other grounds*, 136 F.3d 655 (9th Cir. 1998) (reversing sanctions). A full evidentiary hearing is not necessarily required, as opposed to ruling on the papers. See *In re Int'l Fibercom, Inc.*, 503 F.3d 933, 946 (9th Cir. 2007).

In sum, the burden is on Ms. Rodriguez to show a manifest error of law, manifest error of fact, or newly discovered evidence. It is also her burden, if she seeks a full evidentiary hearing, to establish why that would be necessary or appropriate.

(2) Ms. Rodriguez has not met her burden to show inadequate notice of the hearing that she missed

Ms. Rodriguez contends that she did not appear at the 6/2/16 continued hearing on the trustee's Disgorgement Motion because she received no notice that the continued hearing actually would go forward on that date. She ignores the oral notice that she received, and expressly acknowledged, at the prior hearing.

At the conclusion of the hearing on 4/7/16 this Bankruptcy Court stated, "why don't I just continue [the hearing] right now to June 2d at 8:30 [a.m.] and then **if** I moot that by issuing an order that says no appearance is required, then that's it," and Ms. Rodriguez responded, "No objection." Dkt. 53 (Tr. 4/7/16), p.18:18-22 (emphasis added). As it turned out, the briefs and evidence filed by Ms. Rodriguez were inadequate so, as explained at the hearing on 6/2/16, this Bankruptcy Court intended to ask her about that and, if appropriate, provide her with the opportunity to supplement the record. Now, having failed to appear, she seeks another bite at the apple.

The debtor and counsel for the Chapter 13 Trustee had no trouble understanding that the hearing on 6/2/16 would go forward. If Ms. Rodriguez somehow mis-remembered the hearing and believed that this Bankruptcy Court set the 6/2/16 hearing without actually intending to proceed with it, she must have realized that this would be an unusual procedure. So she should

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

Tuesday, July 05, 2016                                         Hearing Room    1545

<u>2:00 PM</u>
**CONT...**      **Paula Keller**                                                           **Chapter 13**
have checked her understanding, which she easily could have done by checking the docket posted on this Bankruptcy Court's web page.

     Alternatively, she could have called the Courtroom Deputy or chambers. If none of those things worked then, at little expense or trouble, she could have arranged to appear by telephone, either herself or through an associate. Instead she simply failed to appear.

     That is not a sufficient basis to satisfy Rule 59. Her request for reconsideration based on a purported lack of notice of the 6/2/16 hearing is denied.

(3) <u>Alternatively, even if this Bankruptcy Court were to consider her belated arguments and evidence, they do not detract from, and instead actually support, the $6,000 disgorgement order</u>

     At the hearings on 4/7/16 and 6/2/16 this Bankruptcy Court discussed at some length its concerns regarding Ms. Rodriguez' contention that <u>none</u> of the fees paid to her by the debtor were for services related to the debtor's bankruptcy case. The evidence presented, including the latest documents filed by Ms. Rodriguez herself after the 6/2/16 hearing, show that this assertion is nothing more than a ruse to attempt to evade the Bankruptcy Code's requirements for disclosure and review of fees related to bankruptcy cases.

     (a) <u>Legal framework</u>

     The Bankruptcy Code requires attorneys who represent a debtor in bankruptcy to disclose fees "paid or agreed to be paid within one year before the date of the filing of the bankruptcy petition for services rendered or to be rendered both <u>in contemplation of or in connection with</u> the case by such attorney and the source of such compensation." 11 U.S.C. 329(a) (emphasis added). Section 329(b) further provides that a court may cancel any fee agreement, or order the return of any payment made pursuant to such agreement, if the compensation to be paid exceeds the reasonable value of the services. Rule 2016(b) (Fed. R. Bankr. P.) and the mandatory form of disclosure under that rule require prompt and full disclosure, as does the Statement Of Financial Affairs ("SOFA"). Ms. Rodriguez filed those documents but disclosed only "$0".

     As noted by the chapter 13 trustee in her reply brief (dkt. 43), the reported decisions adopt a broad interpretation of what fees are "in

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

Tuesday, July 05, 2016                                                                 Hearing Room    1545

2:00 PM
CONT...    Paula Keller                                                                              Chapter 13
contemplation of" or in connection with a bankruptcy case.  *See, e.g.*, *Conrad, Rubin & Lesser v. Pender*, 289 U.S. 472 (1933) (efforts to avoid bankruptcy are "in contemplation of" bankruptcy and fall under the ambit of section 329); *In re Perrine*, 369 B.R. 571 (Bankr. C.D. Cal. 2007); *In re Rheuban*, 121 B.R. 368 (Bankr. C.D. Cal. 1990).
  Ms. Rodriguez does not cite any contrary authority.  Nor is this Bankruptcy Court aware of any decisions adopting a narrow reading of the statute.  That would make it too easy for unscrupulous lawyers to avoid any review of fees as contemplated by the statute, thereby harming the debtor, creditors, and the integrity of the bankruptcy system.
  In sum, the disclosure requirements are very broad.

  (b) Evidentiary framework
  Ms. Rodriguez did not provide any timesheets in her initial responses to the Disgorgement Motion.  Rather, she continued to stonewall the Chapter 13 Trustee and assert that she was not required to disclose any timesheets because, she alleges, she charged nothing at all for her services in contemplation of bankruptcy or in connection with this case.
  Prior to Ms. Rodriguez' non-appearance on 6/2/16, this Bankruptcy Court was inclined to excuse this nondisclosure.  At the hearing on 4/7/16 this Bankruptcy Court presumed that any omitted evidence might have been withheld out of concern for protecting the attorney-client privilege or similar reasons (although there was no such assertion, and the debtor agreed to waive any such privilege for these purposes).  At the continued hearing on 6/2/16, having reviewed the declarations, this Bankruptcy Court had serious concerns about Ms. Rodriguez' arguments, as expressed on the record, but had been prepared to provide her an additional opportunity to respond until she forfeited that opportunity by failing to appear.
  Now, in support of her motion for reconsideration, she has presented a purported accounting and time records.  It is unclear whether those time records are contemporaneous or reconstructed, and they appear to include very rough estimates and rounded time entries.
  Ms. Rodriguez has also provided a (partial) copy of her retention agreement with the debtor.  It is highly unusual and provides a dizzying multitude of fees (dkt. 60, Ex.C, para.7) including (1) an initial "flat fee" of $7,500 ($3,500 + $2,500 + $1,500 = $7,500), plus (2) "flat-fee monthly payments" of $1,500, plus (3) a contingency fee of 33.33% of the gross dollar

United States Bankruptcy Court
Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

**Tuesday, July 05, 2016**                                                                 **Hearing Room    1545**

2:00 PM
**CONT...**     **Paula Keller**                                                                         **Chapter 13**

amounts of any funds received, plus (4) an hourly fee of $250/hr., plus costs. (The retention agreement is incomplete due to a number of redactions, but the foregoing provisions are not redacted.)

Meanwhile, prior to the hearing on 6/2/16 the debtor presented evidence - which remains uncontroverted - that she and her former husband paid Ms. Rodriguez far more than the $6,000 that Ms. Rodriguez had belatedly disclosed up to that point. The debtor's evidence shows payments aggregating **$15,065.00**, all in a failed effort to prevent the foreclosure of her home and eviction. *See* dkt. 49, para. 17 & 34, Ex.A.

This Bankruptcy Court takes judicial notice that many bankruptcy attorneys stop foreclosure and eviction and assist in attempted loan modifications (often successfully) for much less. The standard base fee is $5,000 and assistance with an attempted loan modification and opposition to a motion for relief from the automatic stay would typically add from approximately $1,000 to a few thousand dollars. A fee of over $15,000 would be exceptional and would rarely be warranted. *See* Local Form F 3015-1.7.RARA (the "Rights And Responsibilities Agreement") at p. 5 ($5,000 base fee plus hourly rate for services beyond standard bankruptcy tasks).

**(c) Ms. Rodriguez' time records fail to support her claim that she charged $0 for services in contemplation of bankruptcy or in connection with this case**

Despite the legal and evidentiary framework described above, Ms. Rodriguez continues to insist that her services to the debtor were "wholly unrelated" to the debtor's bankruptcy filing and that she provided all bankruptcy services on a "pro bono" basis for $0. That argument is incredible on its face and is undermined by her own evidence, starting with her time records.

First, she admits that she prepared the debtor's bankruptcy schedules and other papers. Meanwhile her own accounting (dkt. 60, Ex.A, at p.1) admits that she was paid $4,000 while the bankruptcy case was pending.

Second, her evidence (dkt. 60, Ex.A) still fails to disclose any of the time spent on bankruptcy matters. So she is effectively asking this Bankruptcy Court to presume that no matter how much or how little time she spent on those matters, she charged $0 for them - *e.g.*, preparing the debtor's bankruptcy papers, analyzing whether bankruptcy was an appropriate option, analyzing under what chapter to file a bankruptcy petition, and advising the

United States Bankruptcy Court
Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

| | |
|---|---:|
| **Tuesday, July 05, 2016** | **Hearing Room 1545** |

2:00 PM
CONT...    **Paula Keller**                                                                                    **Chapter 13**

debtor about those things.

Third, the supposedly non-bankruptcy services that she does disclose include at least some matters that plainly are "in contemplation of" a bankruptcy case within the meaning of the statute (as interpreted by the authorities cited above). For example, her first entry (for two hours) is "Client case evaluation (initial consultation)" (dkt. 60, Ex.A, p.3) and that must have included an evaluation whether bankruptcy would be a good option, either then or in future scenarios, and presumably some advice to the debtor about those things (failing to evaluate such options would be malpractice). *See, e.g., Conrad, Rubin & Lesser v. Pender*, 289 U.S. 472 (1933) (efforts to avoid bankruptcy are "in contemplation of" bankruptcy and fall under the ambit of section 329); *In re Perrine*, 369 B.R. 571 (Bankr. C.D. Cal. 2007); *In re Rheuban*, 121 B.R. 368 (Bankr. C.D. Cal. 1990).

Another example is the initial gathering of data, alleged to have taken 4.4 hours (2.4 + 2.0 = 4.4) on 9/1/15 (dkt. 60, Ex.A, p.3). Again that is an inherent part of assessing whether bankruptcy is a good option either then or later.

In sum, Ms. Rodriguez' own time records only reinforce the conclusion that she failed to disclose fees paid or agreed to be paid in contemplation of a possible bankruptcy filing or in connection with this specific bankruptcy case. Nondisclosure is sufficient to warrant disallowance of all fees. *See, e.g., In re Park-Helena Corp.*, 63 F.3d 877, 882 (9th Cir. 1995).

(d) <u>Circumstantial evidence also fails to support, and completely undermines, Ms. Rodriguez' claim that she charged $0 for services in contemplation of or in connection with bankruptcy</u>

There is no circumstantial evidence that would support Ms. Rodriguez' claim that she provided "pro bono" bankruptcy services. She has not, for example, presented evidence that she runs a pro bono clinic. Nor is there any evidence that the fees she charged for nonbankruptcy services are so minimal that they could not possibly be stretched to cover bankruptcy services as well. Nor are the purported nonbankruptcy fees so well documented and so reasonable for the work provided that they could not possibly cover bankruptcy-related services.

To the contrary, her (purported) nonbankruptcy time records are exorbitant on their face. For example, she charges:

* 3 hours for a *lis pendens* (dkt. 60, Ex.A, p.3: 9/9/15 & 11/20/15)

United States Bankruptcy Court
Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

**Tuesday, July 05, 2016**                                              **Hearing Room   1545**

2:00 PM
CONT...    **Paula Keller**                                                                    **Chapter 13**
* 1 hour for a notice of voluntary dismissal (dkt. 60, Ex.A, p.5: 5/9/16)
* 1 hour to "Create Substitution of Attorney" (dkt. 60, Ex.A, p.5: 5/24/16)
   (see Local Form F 2091.1.SUBSTITUTION.ATTY)
* 1 hour to "file" motions to withdraw (dkt. 60, Ex.A, p.6: 6/24/16)
   (billed separately from the time spent to *prepare* those motions)
* over 130 hours in purported email correspondence
   (listed only by total hours per month, with no descriptions).

These blatantly excessive time entries reinforce the conclusion that Ms. Rodriguez is padding her alleged nonbankruptcy work so as to hide the fact that at least a substantial portion of her fees were for bankruptcy-related work. Because she has failed to disclose her bankruptcy-related time or fees, and because nondisclosure is a basis to deny all fees (*Park-Helena*, 63 F.3d at 882), Ms. Rodriguez has not established any basis to reconsider the order that she disgorge $6,000 in fees.

More generally, there is nothing manifestly unfair or erroneous about requiring disgorgement of $6,000. As noted above, this Bankruptcy Court takes judicial notice that a typical fee for a (well-prosecuted) bankruptcy case of this type would have been at least $6,000. Ms. Rodriguez has failed to show that she charged any less, and if anything she probably has charged more because this bankruptcy case was far from well prosecuted, and her time records on purportedly non-bankruptcy matters show gross inefficiency.

In sum, both her actual time records and the circumstantial evidence fail to provide any basis to reconsider the order that Ms. Rodriguez must disgorge at least $6,000. To the contrary, they support that order.

(e) <u>Ms. Rodriguez adds nothing to her arguments by citing the bare assertions in filed documents that she charged $0 for bankruptcy-related services, or did not contemplate such services</u>

Ms. Rodriguez points to the SOFA, the Rule 2016 statement, and more recently a 3/23/16 declaration purportedly signed by the debtor (dkt. 42-2), all of which assert that Ms. Rodriguez was paid $0 for any bankruptcy related services. Ms. Rodriguez also points to the retention agreement, which allegedly did not contemplate bankruptcy-related services. Not one of these things helps her arguments.

First, whatever the debtor may have signed, she either failed to understand that Ms. Rodriguez' position is a sham, or the debtor participated

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

**Tuesday, July 05, 2016**                                                                                      **Hearing Room    1545**

2:00 PM
**CONT...**     **Paula Keller**                                                                                       **Chapter 13**

in that sham.  Either way, any previous assertion by the debtor that $0 was charged for bankruptcy-related services adds no weight to Ms. Rodriguez' arguments.

Second, the debtor declares that Ms. Rodriguez forged her signature on her 3/23/16 declaration purporting to confirm that she paid $0 for bankruptcy services (dkt. 49, para. 35-36, Ex.K; filed at dkt. 42-2) as well as other documents.  That is a serious accusation.  It is supported by at least two powerful facts.

First, the signature on the disputed 3/23/16 declaration (dkt. 42-2, and dkt. 49, Ex.K) does not appear to be consistent with the debtor's signature on the papers she has filed pro se (*see, e.g.*, dkt. 51).  It looks forged.

Second, in an email exchange with the debtor on 4/26/16 (dkt. 49-2, Ex.G, at PDF p. 29 of 44) the debtor accuses Ms. Rodriguez of filing this declaration and other documents without the debtor's prior review or signature, and rather than deny that accusation Ms. Rodriguez responds (*id.*) that the debtor did not disavow the substance of the filed documents until recently and "you [the debtor] are aware of all of the filings and your signature" (emphasis added).  In other words, Ms. Rodriguez at least tacitly admits the debtor's accusations that she filed the declaration and other documents without the debtor's prior review and with forged signatures.

Ms. Rodriguez objects to the debtor's declaration as hearsay, apparently meaning that it is double hearsay because (i) it is a statement that is made by the debtor out of court and (ii) it purports to repeat what Ms. Rodriguez stated (in her email) out of court.  That argument is not persuasive.

(i) The debtor's statements authenticating the email.  Ms. Rodriguez has not established that the debtor's declaraction is hearsay when it simply authenticates the email containing statements by Ms. Rodriguez herself.  Under Rule 801(c) (Fed. R. Evid.) hearsay means a statement that the declarant "does not make while testifying at the current trial or hearing" (emphasis added).  Under Rule 43, Fed. R. Civ. P. (incorporated by Rule 9014, Fed. R. Bankr. P.) the debtor's written testimony can be sufficient - it need not be live testimony - at least when there is no genuine factual dispute that would be aided by live testimony.  *See In re Nicholson*, 435 B.R. 622, 635-37 (9th Cir. BAP 2010), *partially abrogated on other grounds by*, *Law v. Siegel*, 134 S.Ct. 1188, 1196–98 (2014). Ms. Rodriguez does not dispute that the copy of her email is authentic or that it says what it says.  So what genuine factual dispute is at issue, and how would it be materially aided by

United States Bankruptcy Court
Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

Tuesday, July 05, 2016                            Hearing Room   1545

2:00 PM
CONT...    Paula Keller                                            Chapter 13
live testimony?

            (ii) <u>Ms. Rodriguez' own statements in the email</u>. Under Rule 801 (d)(2) (Fed. R. Evid.) hearsay does not include (A) a statement offered against an opposing party that was made by that party herself (*i.e.*, the statements by Ms. Rodriguez herself), nor (B) a statement that she manifested that she adopted or believed to be true (*i.e.*, her acknowledgment - tacit if not explicit - of the truth of the debtor's accusations about forging her signature).

    The debtor also offers explanations why she failed to raise Ms. Rodriguez' alleged forgery sooner: the debtor claims that she was only shown "her" 3/23/16 declaration at the start of the 4/7/16 hearing and was told by Ms. Rodriguez that she (the debtor) was not permitted to address this Bankruptcy Court. More generally, the debtor alleges that Ms. Rodriguez told her that, if any fees were disgorged, Ms. Rodriguez would "just bill me later" so the debtor would have to pay anyway (dkt. 49, para. 33), which presumably would deter the debtor from getting involved with the Disgorgement Motion.

    Again, however, it does not matter whether this Bankruptcy Court accepts these statements as true or not. On the one hand perhaps the debtor was misled into accepting the $0 assertion, or her signatures were forged; and on the other hand it is possible that she knowingly participated in the sham. Either way, the documents purportedly signed by the debtor, alleging $0 in bankruptcy-related fees, do not make that specious assertion any less false. Because Ms. Rodriguez failed to disclose her bankruptcy-related fees, she must disgorge the entire $6,000.

    <u>(4) Alternatively, if nondisclosure were not a sufficient basis to disgorge all of the $6,000, such disgorgement is still appropriate because Ms. Rodriguez has not shown (a) that she charged any less for bankruptcy-related services or (b) that the reasonable value of such services is any more than $0</u>

    This Bankruptcy Court has an obligation under section 329 to review for reasonableness all fees paid or to be paid for services rendered in contemplation of a bankruptcy case or in connection with this particular case. As noted above, the burden was on Ms. Rodriguez to disclose all such fees, she failed to do so, and the evidence is that she has been paid not less than $6,000 for such services.

    The evidence also shows, however, that the value of such services is

United States Bankruptcy Court
Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

**Tuesday, July 05, 2016**  **Hearing Room** **1545**

2:00 PM
CONT...    Paula Keller    Chapter 13

$0 or negative. From everything on the docket and in the records of this Bankruptcy Court, it appears that the debtor would have been far better served by an immediate bankruptcy petition combined with an attempted loan modification or other solutions while under the protection of the bankruptcy stay. Alternatively, if that were not viable, then at least the debtor could have avoided paying over $15,000 in legal fees.

Instead, the bankruptcy-related services of Ms. Rodriguez included expensive attempts to avoid bankruptcy followed by a short lived and poorly prosecuted bankruptcy case. All of this appears on the record before this Bankruptcy Court to have done more harm than good.

In any event, Ms. Rodriguez had the burden to establish the reasonable value of her bankruptcy-related services. She could have met that burden by disclosing detailed time entries and specific tasks that might be bankruptcy-related, while still maintaining her (specious) argument that she charged $0 for any such services. Instead she elected even at this late date not to provide any disclosure of bankruptcy services in connection with this specific case, and scant disclosure of any services in contemplation of bankruptcy.

In addition, the "accounting" attached to the reconsideration motion papers as Exhibit A does not remotely comply with the standard degree of disclosure that is required to enable a meaningful review of fees. *See* 11 U.S.C. 330, and L.B.R. 2016-1(a)(1)(E). It is effectively worthless in supporting any determination that reasonable value was provided in any way.

For all of these reasons, Ms. Rodriguez has not shown that the reasonable value of any services under section 329 is greater than $0. This is an alternative reason for denying her motion for reconsideration of the order directing her to disgorge $6,000.

(5) Ms. Rodriguez has not denied that she has a pattern of similar conduct in other cases, which further supports the foregoing conclusions

If any additional grounds were needed for denying the reconsideration motion, counsel for the Chapter 13 Trustee has alleged that Ms. Rodriguez has exhibited a pattern of similar conduct in other cases. Ms. Rodriguez has not denied that she has listed $0 for bankruptcy-related fees in other cases based on the assertion that all fees were for non-bankruptcy services. That tacit admission of a pattern of conduct only reinforces the conclusion that Ms. Rodriguez is engaging in an intentional ruse to try to evade section 329.

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

Tuesday, July 05, 2016                                                       Hearing Room    1545

2:00 PM
CONT...    Paula Keller                                                                        Chapter 13

(6) <u>Ms. Rodriguez should turn over the disgorged funds to the Clerk of this Bankruptcy Court</u>

      Ms. Rodriguez asserts that if any funds are disgorged, there is a question whether they should be returned to the debtor or her former husband, who apparently advanced some of the funds.  Section 329 contemplates returning the funds to whomever paid them (at least when there is no remaining bankruptcy estate, as in this case).  The solution is to turn over the funds to the Clerk of this Bankruptcy Court until the debtor's former husband has an opportunity to assert whatever claim he may have that he advanced such funds and is entitled to have them returned to him.

      The tentative ruling is to provide him with a period of 21 days to file any declaration and other appropriate documents asserting an entitlement to those funds after service on him (by U.S. mail) of the order denying the motion for reconsideration.  For clarity, the order should include just below the caption, "TO ____ [full name of the debtor's former husband]; PATRICIA RODRIGUEZ, ESQ.; THE DEBTOR; AND ALL OTHER PARTIES IN INTEREST:".  In addition, the order itself should include that deadline (not just this tentative ruling that is to be attached as an exhibit), and a service list attached to the order should include the full name and address of the debtor's former husband, as well as Ms. Rodriguez, the debtor, counsel for the Chapter 13 Trustee, and counsel for the U.S. Trustee.  If the debtor's former husband files any response, then this Bankruptcy Court can issue scheduling orders or take whatever other steps may be appropriate to resolve any disputed issues.

(7) <u>Conclusion</u>

      The tentative ruling is to deny the motion for reconsideration of the order directing Ms. Rodriguez to disgorge $6,000.  Ms. Rodriguez' assertion that she lacked adequate notice of the hearing on 6/2/16 is false.  Alternatively, on the merits, the evidence before this Bankruptcy Court is not contrary to that order, and in fact fully supports it.  The evidence is that she is simply abusing the bankruptcy system and engaging in a sham when she claims to have received $0 for services in contemplation of a bankruptcy case or in connection with this particular case.  That is a ruse to evade section 329, Rule 2016(b), and the disclosure of fees required in the SOFA.  The tentative ruling is that the only appropriate modification to the disgorgement order is to

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

**Tuesday, July 05, 2016**                                                                                          **Hearing Room    1545**

<u>2:00 PM</u>
**CONT...**      **Paula Keller**                                                                                          **Chapter 13**

require Ms. Rodriguez to turn over the $6,000 to the Clerk of the Bankruptcy Court for further disposition as set forth above.
   If Ms. Rodriguez seeks an evidentiary hearing on any of the foregoing issues, she must explain what factual disputes are genuinely at issue, and how an evidentiary hearing would materially aid in resolving such disputes.

If you do not appear, and the matter is not adequately resolved by consent, then you may waive your right to be heard on matters that are appropriate for disposition at this hearing.

| Party Information |
|---|

**Debtor(s):**

  Paula  Keller                              Represented By
                                              Patricia  Rodriguez

**Movant(s):**

  Paula  Keller                              Represented By
                                              Patricia  Rodriguez

**Trustee(s):**

  Kathy A Dockery (TR)                       Pro Se